NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRIAN F. TYSON, | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 07-CV-3105 (DMC) |
|  | : |  |
| PITNEY BOWES LONG-TERM | : |  |
| DISABILITY PLAN, PITNEY BOWES | : |  |
| PENSION PLAN, EMPLOYEE | : |  |
| BENEFITS COMMITTEE OF PITNEY | : |  |
| BOWES, INC., EMPLOYEE BENEFIT | : |  |
| PLANS 1 THROUGH 10, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Pitney Bowes Inc. Long-Term Disability Plan, Pitney Bowes Inc. Pension Plan (collectively, with Pitney Bowes Inc. Long-Term Disability Plan, "Plans") and the Employee Benefits Committee of Pitney Bowes Inc. ("Committee," and collectively, "Defendants") to transfer this matter pursuant to 28 U.S.C. § 1406(a) from the United States District Court for the District of New Jersey to the United States District Court for the District of Connecticut; or in the alternative, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties, potential witnesses and in the interest of justice; and Defendants' motion to dismiss or strike pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion for transfer of venue pursuant to 28 U.S.C. § 1406(a) to the District of Connecticut is **granted**.

## I.   BACKGROUND[1]

The Complaint asserts that venue is proper in the District of New Jersey on the ground that Defendants "do business" in New Jersey and that "the relevant transactions occurr[ed] in this district." Meanwhile, the Complaint recognizes that the Plans and the Committee are located in Connecticut. Notwithstanding the disputed claim that Defendants conduct business in New Jersey, the only allegation in the Complaint tying this case to the District of New Jersey is Plaintiff Brian Tyson's New Jersey residence. Under the venue provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), however, Plaintiff's residence is not considered in establishing venue.

## II.   STANDARD OF REVIEW

A civil action where subject matter jurisdiction is founded only on diversity of citizenship may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). "A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The Court has broad discretion in deciding whether transfer is warranted

---

[1]The facts set forth in this Opinion are taken from the facts in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

and must consider both the public and private interests of the parties. See Plum Tree, Inc. v. Stockmen, 488 F.2d 754, 756 (3d Cir. 1973).  Although 28 U.S.C. § 1404 expressly includes three factors, the Court may also consider other factors. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D.D.C. 1978). The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies; (5) the public policies of the fora; and (6) in diversity cases, the familiarity of the trial judge with the applicable state law. See id. at 879-80. The private factors are: (1) plaintiff's original choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records to the extent that the files cannot be produced in the alternative forum. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted). Generally, a plaintiff's choice of forum is accorded great weight. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981).  However, deference to the plaintiff's selected forum may be overcome "if the private and public interest factors clearly point toward trial in an alternative forum."  Id.

The presumption favoring a plaintiff's choice of forum is not dispositive of the motion. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998).  Plaintiffs' choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff. See Oudes v. Block, 516 F. Supp. 13, 14 (D.D.C. 1981).  Additionally, a plaintiff's choice is afforded less deference when their choice of forum "has little connection with the operative facts of the lawsuit."  Tischio, 16 F. Supp. 2d at 521; see also Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990).

28 U.S.C. § 1404 does more than codify the doctrine of forum non conveniens; § 1404 permits transfer upon a lesser showing of inconvenience than is required under common law doctrine and it allows the District Court to exercise broader discretion in transferring the case under the statute than would be permitted under forum non conveniens. See Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247 (S.D.N.Y. 1974). 28 U.S.C. § 1404 is similar to the common law doctrine of forum non conveniens, but it authorizes transfers within the federal court system with a lesser burden, both substantially and procedurally, than a motion to dismiss. See Reyno v. Piper Aircraft Co., 630 F.2d 149 (3d Cir. 1980), rev'd on other grounds, 454 U.S. 235 (1981). 28 U.S.C. § 1404(a) is intended to enlarge common law power under the doctrine of forum non conveniens; this section allows courts to grant transfers upon a lesser showing of inconvenience than is required at common law. See De Lay & Daniels, Inc. v. Allen M. Campbell Co., General Contractors, Inc., 71 FRD 368 (D.S.C. 1976).

Questions concerning whether a transfer of venue should be granted under 28 U.S.C. § 1404(a) depend upon the particular circumstances of each case. See Sell v. Greyhound Corp., 228 F. Supp. 134 (E.D. Pa. 1964); Mills v. Colgate-Palmolive Co., 232 F. Supp. 577 (S.D.N.Y. 1964). Variables render every motion to transfer unique. See Secs. & Exch. Com. v. Golconda Mining Co., 246 F. Supp. 54 (S.D.N.Y. 1965). Although 28 U.S.C. § 1404(a) mentions only three factors to consider in determining whether to grant or deny a motion to transfer, the Court is not limited to those rather broad generalities, but may consider other factors which are subsumed by purpose of statute. See SEC v. Page Airways, Inc., 464 F. Supp. 461 (D.D.C. 1978).

## III.   DISCUSSION

This Court must transfer this action because venue does not lie in the District of New Jersey. Under 28 U.S.C. § 1406(a), where a plaintiff brings an action in the wrong judicial district, a court may dismiss the case or transfer it to the appropriate venue. 29 U.S.C. § 1132(e)(2) provides that suit "may be brought in the district where the plan is administered,

where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §
1132(e)(2). Venue of this action is improper in New Jersey because the Plans are not
administered here, the acts alleged in the Complaint did not occur here and no named Defendants
reside here. There is no apparent connection between this case and New Jersey other than
Tyson's residence, which is not an enumerated basis to establish venue under ERISA.

A.     The Plans are Administered in Connecticut

ERISA plans are considered to be administered where the plans are managed under a
plain and ordinary meaning of the term "administer." Sprinzen v. Superior Court of N.J., 478 F.
Supp. 722, 723 (S.D.N.Y. 1979). In Sprinzen, the court rejected the argument that an ERISA-
governed plan should be deemed "administered" where its participants receive benefits and held
that venue was proper in the district in which the plan's office was located, its employees and
fiduciaries worked and the plan's records were stored. Here, the Pitney Bowes Inc. Disability
Management Department ("Disability Department"), which handles the daily administration of
the Plan and maintains the Plan's records, is located in Connecticut. All but one of the
Committee members work at Pitney Bowes' headquarters in Stamford, Connecticut and the
Committee holds its meetings in Connecticut. Not even the one non-Connecticut committee
member works in New Jersey. Because the Plan's administration occurs in Connecticut, venue is
proper in the District of Connecticut under ERISA Section 502(e)(2). See 29 U.S.C. §
1132(e)(2).

B.     Any Alleged Breach Occurred in Connecticut

The second basis for venue in an ERISA action, the locus of the alleged breach, also
makes venue appropriate in Connecticut. The Complaint's claims for purported breach of
fiduciary duty and unlawful amendment are rooted in the Committee's decision to discontinue
Plaintiff's disability benefits and the Company's amendment of the Plan, respectively. The
Committee's decision to uphold the termination of Plaintiff's benefits occurred at a meeting in

Connecticut. In addition, because Pitney Bowes is headquartered in Connecticut, its amendment of the Plan also occurred in Connecticut. Connecticut is, therefore, the only state in which the purported breaches allegedly occured. In <u>Memorial Hermann Hosp. Sys. v. Boyd Gaming Corp. Percs Plan</u>, the court held that the plain meaning of the phrase "where the breach took place" is the location where the decision to terminate benefits was made. <u>See</u> Civ. Action No. 06-CV-3570, 2007 WL 624334 (S.D. Tex. Feb. 22, 2007). In <u>Turner v. CF&I Steel Corp.</u>, the court held that a breach occurred in the district where decisions regarding pension benefits were made or from which checks were issued, not the district of plaintiff's residence. <u>See</u> 510 F. Supp. 537, 541 (E.D. Pa. 1981). Because the ostensible breaches alleged in the Complaint could have only occurred in Connecticut, venue is proper in the District of Connecticut.

      C.    <u>No Defendant May Be Found in New Jersey</u>

The third ground for venue under ERISA is where a defendant may be found. The Complaint acknowledges that both the Plans and the Committee are located in Connecticut. Despite the ERISA provision permitting nationwide service of process, ERISA requires a defendant to have minimum contacts with a state for venue purposes. In <u>Waeltz v. Delta Pilots Ret. Plan</u>, the Court held that

> [T]o allow venue wherever personal jurisdiction exists would allow nationwide venue, because § 1132(e)(2)'s nationwide service of process clause creates nationwide jurisdiction. If such were the intent of Congress, there would have been no reason for Congress to provide specifically for venue where a plan is administered or where a breach took place. As this Court often has stated, 'we are loathe to adopt constructions that render a statutory provision superfluous.'

301 F.3d 804, 807-09 (7th Cir. 2002). In deciding whether minimum contacts exist for the exercise of jurisdiction, courts look first to whether there is specific jurisdiction and then whether there is general jurisdiction.

Courts have specific jurisdiction only where the defendant "<u>purposefully</u> directed his activities at residents of the forum" and the litigation results from alleged injuries that arise out

of, or relate to, those activities. See Saudi v. Acomarit Mars. Servs., S.A., 114 Fed. Appx. 449, 453 (3d Cir. 2004); Vetrotext Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 152 (3d Cir. 1996). The mere payment of benefits under an ERISA plan to participants in a district does not, in and of itself, warrant the exercise of jurisdiction over a plan where the plan does not maintain offices or conduct business in that district. See Seitz, 953 F. Supp. at 102. Neither the Plans nor the Committee purposefully direct any activity toward  New Jersey residents, but rather, all administrative acts regarding Plaintiff's claims occurred in Connecticut. Furthermore, Plaintiff's status as a participant in the Plans arises out of his employment with Pitney Bowes in Connecticut. As such, the exercise of specific jurisdiction by the Court in this case is unwarranted.

General jurisdiction is based on "continuous and systematic" contacts with the forum state. See Saudi, 144 Fed. Appx. at 453. The standard for evaluating whether minimum contacts satisfy the test for general jurisdiction is more stringent than the test applied to specific jurisdiction. Incidental contacts with the forum state are insufficient; a plaintiff must show that a defendant conducts business in that state. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 262 (3d Cir. 2000).

An employee benefit plan does not conduct business in a district for purposes of the ERISA venue provisions merely because some plan participants reside in that district. See Waeltz, 301 F.3d at 807-09; Delta Air Lines, 722 F. Supp. at 730-31; Jameson, 1982 U.S. Dist. LEXIS 14709, at *8-*12. Because neither the Plans nor the Committee conduct business in New Jersey, and no other prong of ERISA's venue provision supports venue here, this Court must transfer this matter to the District of Connecticut for Plaintiff's failure to file in the appropriate judicial district.

**IV.**   <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' motion for transfer of venue to the District of Connecticut is **granted**; and it is further unnecessary for this Court to address Defendants' motion to dismiss and strike pursuant to FED. R. CIV. P. 12(b)(6) because this Court lacks the requisite jurisdiction. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Date:        December 11, 2007
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File